# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3001

_____

William Pledger, III,                       *
                                            *
                  Appellant,                *
                                            *   Appeal from the United States
       v.                                   *   District Court for the
                                            *   Western District of Missouri.
Marty C. Anderson, Warden,                  *
United States Medical Center for            *   [UNPUBLISHED]
Federal Prisoners,                          *
                                            *
                  Appellee.                 *

_____

Submitted: February 24, 2011
    Filed:  May 6, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

William Pledger appeals from an order of the United States District Court for the Western District of Missouri dismissing without prejudice his 28 U.S.C. § 2241 petition for a writ of habeas corpus. Pledger filed his petition in January 2009, while confined at the Medical Center for Federal Prisoners in Springfield, Missouri,[1] arguing that his confinement pursuant to a 2004 commitment order entered in the United

_____

[1]Pledger was subsequently transferred to the Federal Medical Center in Rochester, Minnesota.

States District Court for the Eastern District of Arkansas was unlawful because the commitment proceedings did not comply with 18 U.S.C. § 4246. In dismissing Pledger's petition, the district court held that issues related to Pledger's commitment needed to be resolved in the committing court, as it was in the best position to evaluate the merits of Pledger's argument that the commitment order was invalid.

Upon review, we reverse the dismissal order, and we remand the case to the district court with instructions to transfer the case to the Eastern District of Arkansas "in the interest of justice." See 28 U.S.C. § 1406(a) (district court may transfer to cure venue defect "if it be in the interest of justice"); Archuleta v. Hedrick, 365 F.3d 644, 649 (8th Cir. 2004).

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

_____